UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

KERWIN JOHNSON,

          Petitioner,

  -v-                                  No. 03 Civ. 5344 (LTS)(DFE)

JAMES CONWAY, Superintendent, Attica
Correctional Facility,

          Respondent.

-----------------------------------------------------------x

LAURA TAYLOR SWAIN, UNITED STATES DISTRICT JUDGE

## MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION

On June 30, 2005, Magistrate Judge Douglas F. Eaton issued a Report and Recommendation, ("Report") recommending that the April 23, 2003, pro se petition of Kerwin Johnson ("Petitioner" or "Johnson") for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be denied. The Court granted Petitioner until July 20, 2005, to file objections, and then extended this deadline upon Petitioner's request to August 31, 2005. Petitioner submitted his Reply to the Report and Recommendation ("Reply") on August 30, 2005. On September 12, 2005, Petitioner requested that the Court accept a more edited version of his Reply due to complications in typing the initial version. Because there is no prejudice to Respondent, the Court accepts the September 12, 2005, Reply. The Court has thoroughly reviewed all of the briefs, Judge Eaton's Report and Recommendation, and Petitioner's objections to the Report. For the following reasons,

the Court adopts the recommendations in the Report insofar as it recommends the rejection of Petitioner's Brady and colloquy-related arguments as time-barred, and insofar as it recommends the rejection of Petitioner's counsel-related claims as unexhausted.

BACKGROUND

In his pro se habeas petition, Petitioner challenged his conviction for Second Degree Murder after pleading guilty in Supreme Court, New York County. He alleged in his petition that reports taken by detectives containing statements from eyewitnesses Alan Woods and Clara Brightmen contained exculpatory and impeachment evidence and were not disclosed to his attorney prior to his guilty plea, in violation of Brady v. Maryland, 373 U.S. 83 (1963). Petitioner also asserted in his traverse and its accompanying memorandum of law that his trial attorney, Mr. Neufeld, coerced him into pleading guilty in 1987 and failed to advise him of the consequences thereof. Petitioner further alleged that Justice Rothwax did not conduct a proper colloquy prior to accepting his guilty plea.

In his Report, Judge Eaton recommended that Johnson's claims regarding the alleged Brady material and insufficient colloquy be dismissed as time-barred, and that the claim regarding the alleged improper conduct by Mr. Neufeld be dismissed as unexhausted. Judge Eaton further recommended that, even if the Brady claim is not dismissed as time-barred, it should be rejected on the merits. In connection with his analysis of the merits of the Brady claim, Judge Eaton also invited Petitioner to respond to five factual questions posed in the Report.

Petitioner objects to the Report's recommendation that his claim regarding the alleged withholding of Brady material be dismissed as time-barred, asserting that he was reasonably diligent and that unavoidable delays justify an equitable tolling of the statute of limitations. Petitioner further asserts that his petition should be granted on the merits because the withheld evidence is Brady material that should have been released to him before his guilty plea. He also responds to the five questions posed by Judge Eaton. Petitioner has raised no objections to Judge Eaton's recommendations regarding his claims relating to Mr. Neufeld's representation and Justice Rothwax's colloquy.

DISCUSSION

When reviewing a Report and Recommendation, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.A. § 636(b)(1)© (West 2006). The Court must make a de novo determination to the extent that a petitioner makes specific objections to a magistrate's findings. United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). To the extent, however, that the party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the Report strictly for clear error. See Pearson-Fraser v. Bell Atl. No. 01 Civ. 2343, 2003 WL 43367, at *1 (S.D.N.Y. Jan. 6, 2003); Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan, 806 F. Supp. 380, 382 (W.D.N.Y. 1992); Vargas v. Keane, No. 93 Civ. 7852, 1994 WL 693885 at *1 (S.D.N.Y. Dec. 12, 1994). Pro se petitioners are generally accorded leniency when making objections. Walker v. Vaughan, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002),

quoting Vasquez v. Reynolds, No. 00 Civ. 0862, 2002 WL 417183 at *5 (S.D.N.Y. Mar. 18, 2002). Nonetheless, a petitioner's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no petitioner be allowed a "second bite at the apple" by simply relitigating a prior argument. Camardo, 806 F. Supp. at 381-82.

The Court finds that all of Petitioner's objections to the Report's recommendation that his Brady claim be rejected as time-barred are, fundamentally, either conclusory objections or restatements of his initial arguments. To the extent that Petitioner presents any new arguments, they merely attempt in a conclusory manner to contradict assumptions made by Judge Eaton. The Court therefore reviews the Report for clear error.

As Judge Eaton explained in his thorough and well reasoned Report, the Anititerrorism and Effective Death Penalty Act of 1996 ("AEDPA") created a one-year statute of limitations for criminal defendants to file petitions for writs of habeas corpus. See 28 U.S.C. § 2244(d). Insofar as here relevant, this section provides that the limitations period runs from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C.A. § (d)(1)(D) (West 2006). The Second Circuit has held that the one-year period begins when "the facts supporting the claims presented could have been discovered through the exercise of due diligence." Wims v. United States, 225 F.3d 186, 190 (2d Cir. 2000) (emphasis in original). The date when Petitioner "was on notice of the facts which would support a claim," and not "the date on which the petitioner has in his

possession evidence to support his claim," is the relevant one. Youngblood v. Greiner, No. 97 Civ. 3289, 1998 WL 720681, at *4 (S.D.N.Y. Oct. 13, 1998). The Second Circuit allows equitable tolling of the statute of limitations only in "rare and exceptional circumstances" where circumstances beyond the control of the petitioner prevented "prevented him from filing his petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir 2000). The petitioner also must demonstrate that he "acted with reasonable diligence throughout the period he seeks to toll." Id.

In this case, Judge Eaton found that Petitioner's claim that Brady evidence was withheld from him was not timely asserted under 28 U.S.C. § 2244(d)(1)(D) and therefore should be dismissed. Judge Eaton found that Petitioner should have filed his habeas petition by April 24, 1997, one year from the effective date of the AEDPA. The Judge noted several delays by Johnson prior to filing his motion to vacate the judgment against him pursuant to Section 440 of New York's Criminal Procedure Law based on alleged violations of Brady. First, after making a FOIL request to the New York District Attorney's office in 1990, he waited until November 10, 1997, to submit a FOIL request to the New York Police Department. Second, although Johnson received the evidence at issue from the N.Y.P.D. on June 12, 1998, he waited until "late 2000" to contact Mr. Neufeld to verify that Mr. Neufeld had never received the reports in question from the D.A. Finally, another five months elapsed between the time when Mr. Neufeld sent Johnson an affidavit stating that he had received neither report and when Johnson served his 440 Motion on April 23, 2002.

Judge Eaton found that a reasonably diligent pro se habeas petitioner

would have filed his FOIL request with the N.Y.P.D. immediately after his FOIL request was rejected by the D.A. Petitioner's FOIL request to the D.A.'s Office shows that he thought the police records might contain favorable information and that he knew how to file a FOIL request. Judge Eaton also found that Johnson would have identified Mr. Neufeld's address much sooner if Johnson had exercised reasonable diligence. Judge Eaton concluded that Johnson did not merit an equitable tolling of the statute of limitations, because he failed to show that "extraordinary circumstances" prevented him from filing his petition in a timely manner and that he acted with reasonable diligence throughout.

Petitioner makes several objections to Judge Eaton's recommendation that his Brady claim be dismissed as time-barred. He asserts that Judge Eaton's finding presupposed that he was aware that the N.Y.P.D. maintained these records, while in fact he was not. Petitioner further argues that he did use reasonable diligence in his attempts to find Mr. Neufeld. He explains that he believed that the reference librarian would have already provided him with the address of New York State Attorney Registration office if the librarian had it. Johnson notes that he lacked media access and was unaware that Mr. Neufeld had a high profile. Petitioner also argues that, even if he had obtained the N.Y.P.D. records, he still would not have known the factual predicate of his claim since the D.A. had told him that all Brady material had been given to Mr. Neufeld.

The Court finds that Judge Eaton's analysis already took these arguments into account and is not clearly erroneous. Petitioner's conclusory objections to Judge Eaton's determination are rejected. Therefore, the Court adopts the Report's

recommendation that Petitioner's Brady claim be rejected as time-barred.

The Court declines to review Judge Eaton's recommendations going to the merits of Petitioner's Brady claim, as the claim is time-barred. Accordingly, the Court will not discuss the impact, if any, of Petitioner's responses to Judge Eaton's questions on the issue of the materiality of the alleged Brady material.

The Court finds no clear error in the Report's unopposed recommendations that Petitioner's claims concerning Mr. Neufeld's representation and Justice Rothwax's colloquy be dismissed, and adopts Judge Eaton's recommendations accordingly.

## CONCLUSION

Judge Eaton's Report and Recommendation is adopted to the extent that it recommends the dismissal of the petition on the grounds that Petitioner's Brady and plea colloquy claims are untimely, and that Petitioner's claim regarding Mr. Neufeld is unexhausted. The petition for a writ of habeas corpus is hereby dismissed.

Petitioner may not appeal this order unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C.A. § 2253(c)(1) (West 2006). A certificate will be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.A. § 2253(c)(2) (West 2006); see generally United States v. Perez, 129 F.3d 255, 259-60 (2d Cir.1997) (discussing the standard for issuing a certificate of appealability). The Court finds that Petitioner will not be able to sustain this

burden. Thus, the Court declines to issue a certificate of appealability. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 444 (1962). The Clerk of Court is respectfully requested to close this matter.

SO ORDERED.

Dated: New York, New York
June 28, 2006

LAURA TAYLOR SWAIN
United States District Judge